Electronically Filed 5/23/2025 3:06 PM
Stacey Kemp County Clerk
Collin County, Texas
By: Jenifer Mocko, Deputy
Envelope ID: 101223728

Cause No. 007-01455-2025

| | | |
|---|---|---|
| **VICKI MILNER** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **NO. SEVEN (7)** |
| | § | |
| | § | |
| **NEXGEN CONTACT SOLUTIONS, LLC** | § | **OF COLLIN COUNTY, TEXAS** |
| *Defendant.* | § | |

## DEFENDANT'S SPECIAL APPEARANCE AND
## ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE

To the Honorable Judge of the Court:

**COMES NOW,** Defendant, NEXGEN Contact Solutions, LLC ("Defendant" or "NEXGEN"), and, pursuant to Texas Rule of Civil Procedure 120a, files this Special Appearance and Original Answer Subject Thereto, and in support, would respectfully show the Court as follows:

## I.
## INTRODUCTION

1.      On April 14, 2025, Vicki Milner ("Plaintiff or "Milner") filed her original petition against NEXGEN alleging the causes of action of Breach of Contract and Quantum Meruit.

2.      In her Original Petition, Plaintiff correctly alleged that NEXGEN is a nonresident of Texas. Further, Plaintiff also alleged that venue was proper in Collin County, Texas because Plaintiff remotely worked for NEXGEN from her residence in Collin County, Texas.

3.      Nonetheless, Plaintiff's claims should be dismissed as Plaintiff did not plead any facts showing that NEXGEN is subject to the jurisdiction of a Texas court, as NEXGEN is a foreign limited liability company, is not subject to the jurisdiction of a Texas court.

4. Accordingly, NEXGEN specially appears for the limited purpose of challenging this Court's personal jurisdiction and asks the Court to sustain its Special Appearance and dismiss this cause for lack of personal jurisdiction.

5. Subject to its Special Appearance, Nexgen generally denies each and every allegation in Plaintiff's pleading.

## II.
## ARGUMENT & AUTHORITIES

6. A special appearance allows a nonresident defendant to challenge the court's personal jurisdiction over the defendant without becoming subject to the jurisdiction of Texas courts. Tex. R. Civ. P. 120(a); *Kawasaki Steel Corp v. Middleton*, 6099 S.W.2d 199, 201 (Tex. 1985). To succeed on a special appearance claim, the defendant must negate all grounds for personal jurisdiction alleged in the plaintiff's petition. *State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 413 (Tex. 2023). The defendant must plead and prove that (1) it is not a Texas resident, (2) it did not have minimum contacts with Texas, and (3) even if it had some contracts with Texas, the exercise of jurisdiction would offend the traditional notions of fair play and substantial justice. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 78 (Tex. 2022); *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2022); *Guardian Royal Exch. Assur., Ltd. V. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

## A. Defendant is not a Texas Resident.

7. In the event that the Plaintiff does not allege a basis for personal jurisdiction over the defendant by asserting that the defendant committed or conspired to commit an act in Texas, or that the defendant's acts outside Texas had reasonably foreseeable consequences in Texas, then

the defendant needs to only prove that it is not a resident. *Kelly v. General Interior Constr., Inc.,* 301 S.W.3d 653, 658-59 (Tex. 2010).

8. Here, Plaintiff failed to allege a basis for personal jurisdiction over the Defendant as it failed to assert in her Original Petition ("Petition") that Defendant committed or conspired to commit an act in Texas, or that the Defendant's acts outside Texas had reasonably foreseeable consequences in Texas. Instead, Plaintiff's sole basis for jurisdiction is that Plaintiff worked remotely from her residence in Collin County, Texas. Nonetheless, Plaintiff's basis for jurisdiction falls short of alleging personal jurisdiction over the Defendant, because the fact that Plaintiff worked remotely for Defendant does not show that Defendant committed an act in Texas, as the work to be done under the contract in question is for Defendant's business in Florida. Furthermore, Defendant also had no reasonably foreseeable consequences in Texas because the acts to be performed by Plaintiff were not connected with Texas in such a way that would alert Defendant of any future consequences in Texas. Therefore, as evidenced in Plaintiff's Petition, Defendant can prove that it is not a Texas resident, as NEXGEN Contact Solutions is a Florida limited liability company.

**B. Defendant did not have minimum contacts with Texas at the time of the events in question.**

9. Texas courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant purposefully established "minimum contacts" with Texas and the court's exercise of jurisdiction over the defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-76 (1985); *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 575 (Tex. 2007); *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex. 2002); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991). For a defendant to have minimum contacts with Texas, it must have

purposefully availed itself of the privilege of conducting activities within Texas. *See Moki Mac*, 221 S.W.3d at 575-76; *Commonwealth Gen. Corp. v. York*, 177 S.W.3d 923, 925 (Tex. 2005); *BMC Software*, 83 S.W.3d at 795-96. Further, for acts to rise to the requisite level of "purposeful availment," the acts must be purposeful rather than random, isolated, or fortuitous, and the defendant must have sought some benefit, advantage, or profit in availing himself of Texas jurisdiction. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338-39 (Tex. 2009); *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 596 (Tex. 2007); *Moki Mac*, 221 S.W.3d at 575; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005).

10.     In the case at hand, Defendant did not have minimum contacts with Texas. First, Defendant did not purposefully avail itself in Texas because, as a Florida limited liability company, Defendant did not conduct any of its activities in Texas. Plaintiff cannot establish minimum contacts because Defendant's acts were not purposeful, as Defendant did not seek any benefit, advantage, or profit from its alleged contacts, if any, with Texas. Defendant does not conduct business in Texas, and its business does not benefit from Plaintiff's alleged contacts in Texas. In addition, Plaintiff's contacts, if any, do not have a substantial connection with the operative facts of the lawsuit. All of Defendant's activities occur in or originate from Florida, and Defendant has no physical place of business in Texas. Instead, the only connection this case has to Texas is that Texas is where the Plaintiff chooses to reside while conducting work for Defendant. Moreover, Plaintiff has failed to present facts that prove that Defendant purposefully availed itself in Texas, as Plaintiff's basis for personal jurisdiction is a mere random, isolated, or fortuitous coincidence and not purposeful. Therefore, Defendant did not have minimum contacts in Texas that would subject it to personal jurisdiction in Texas.

## C. The exercise of jurisdiction over the Defendant would offend the traditional notions of fair play and substantial justice.

11.     The Texas Supreme Court has established that in determining whether the exercise of personal jurisdiction comports to traditional notions of fair play and substantial justice, the Court must consider the following factors: (1) the burden on the defendant; (2) the interests of the forum in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the international judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several nations in furthering fundamental substantive social policies. *Cornerstone Healthcare Grp. Holding, Inc. v. Nautic Mgmt. VI, L.P.*, 493 S.W.3d 65, 67 (Tex. 2016).

12.     Here, exercising jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. First, exercising jurisdiction over Defendant would burden the Defendant. As previously stated, Defendant is a Florida limited liability company, and thus, defending a lawsuit in Texas would be a financial burden. Further, Defendant does not have a place of business in Texas and does not have any contacts in Texas that would facilitate defending a lawsuit in Texas. Second, a Texas court has no interest in adjudicating the dispute because, according to the terms of the contract in question, Florida law governs the contract. Lastly, the Plaintiff's interest in obtaining relief is not affected by not allowing her to present a suit in Texas, as this does not prevent her from filing suit in an appropriate forum.

13.     For the foregoing reasons and others, it would offend traditional notions of fair play and substantial justice for a Texas court to exercise jurisdiction over Defendant. Any of the acts alleged to have been done by Defendant were done, if at all, outside the borders of this state.

Defending this suit in Texas would be not only burdensome on Defendant but also violative of its due process protections.

14.     Defendant has sworn to the veracity of the facts set forth in this Special Appearance and has met his burden of negating all potential bases of jurisdiction by the attached affidavit, Exhibit A.

### IV.
### GENERAL DENIAL SUBJECT TO SPECIAL APPEARANCE

15.     In all things subject to the Special Appearance first filed, and without waiving same but specifically insisting thereon, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure. Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence or other applicable legal standard as is required by the Constitution and the laws of the State of Texas.

## PRAYER

For these reasons, Defendant, NEXGEN Contact Solutions, LLC, asks the Court to set his Special Appearance for hearing and, after the hearing, sustain Defendant's Special Appearance and sign a final judgment dismissing this cause with prejudice. Subject to its Special Appearance, Defendant prays this Court order that Plaintiff Vicki Milner, take nothing by reason of her claims and grant Defendant such other and further relief, general or special, legal or equitable, to which Defendant may justly be entitled and which the Court deems appropriate.

Respectfully submitted,

**SULLINS, JOHNSTON, ROHRBACH & MAGERS**

By: _____
JOEL RHEMAN, TBA# 24060484
COURTNEY HOLLIDAY, TBA# 24125276
LUIS RAUL GUTIERREZ, TBA# 24143650
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
Tel. (713) 521-0221 | Fax (713) 521-3242
jrheman@sjrm.com
cholliday@sjrm.com
lgutierrez@sjrm.com

**ATTORNEYS FOR DEFENDANT, NEXGEN CONTACT SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant's Special Appearance and Original Answer Subject to Special Appearance** was mailed, certified mail, return receipt requested, and/or faxed and/or hand-delivered and/or delivered in another manner pursuant to Texas Rule of Civil Procedure to all parties or counsel of record on this 23rd day of May, 2025, in accordance with Texas Rules of Civil Procedure 21 and 21a.

JOEL RHEMAN

## VERIFICATION

STATE OF FLORIDA       §
      §
COUNTY OF PALM BEACH       §

BEFORE ME, the undersigned authority, personally appeared JOSEPH JACOBONI and who, after being duly sworn, deposed and stated as follows:

"I, JOSEPH JACOBONI, am more than twenty-one (21) years of age and capable of making this affidavit. I have never been convicted of a crime, and am in all ways fully competent and able to testify. I am the Chief Executive Officer of Nexgen Contact Solutions, LLC, and based upon my personal knowledge, all statements contained in the foregoing Defendant's Special Appearance are true and correct."

FURTHER AFFIANT SAYETH NOT.

_____
Joseph Jacoboni, CEO, Nexgen Contact Solutions, LLC

SUBSCRIBED AND SWORN TO BEFORE ME on this 23 day of May, 2025 to certify which witness my hand and seal of office.

RAMON ZENON
Commission # HH 345112
Expires January 2, 2027

_____
NOTARY PUBLIC In and For
The State of Florida

EXHIBIT
A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leticia Martinez on behalf of Joel Rheman
Bar No. 24060484
lmartinez@sjrm.com
Envelope ID: 101223728
Filing Code Description: Original Answer
Filing Description: Defendant's Special Appearence and Original Answer Subject to Special Appearence
Status as of 5/23/2025 3:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Courtney Holliday | | cholliday@sjrm.com | 5/23/2025 3:06:43 PM | SENT |
| Joel Rheman | | jrheman@sjrm.com | 5/23/2025 3:06:43 PM | SENT |
| Luis RaulGutierrez | | lgutierrez@sjrm.com | 5/23/2025 3:06:43 PM | SENT |